# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In the matter of the Complaint of STAR & CRESCENT BOAT COMPANY, INC., as owner of the Motor Vessel M/V PATRIOT, U.S. Coast Guard Official No. 1246882, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability,

STAR & CRESCENT BOAT COMPANY, INC. dba FLAGSHIP CRUISES & EVENTS

　　　　　　　Plaintiff,

　　　　v.

SUNSPLASH MARINA LLC, a New Jersey Limited Liability Company; OCEANROCKETS, INC., a New Jersey Corporation; YANK MARINE INC., a New Jersey Corporation; H.O. BOSTROM COMPANY, INC., a Wisconsin Corporation; SEATBELTPLANET.COM, LLC, an Oklahoma Limited Liability Company; and DOES 1 through 10,

　　　　　　　Defendants.

Case No.:  3:21-cv-00169-BEN-JLB

**ORDER**

**(1) REJECTING PLAINTIFF IN LIMITATION'S STIPULATION FOR VALUE AND LETTER OF UNDERTAKING;**

**(2) DENYING PLAINTIFF'S APPLICATION FOR INJUNCTION; and**

**(3) DENYING PLAINTIFF IN LIMITATION'S REQUEST NOTICE OF COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY TO ISSUE**

**[ECF No. 4, 5]**

-1-

1

## I.   __INTRODUCTION__

Plaintiff in Limitation STAR & CRESCENT BOAT COMPANY, INC., dba FLAGSHIP CRUISES & EVENTS ("Plaintiff in Limitation"), as owner of the Motor Vessel PATRIOT, U.S. Coast Guard Official No. 124682, and her engines, equipment, tackle, apparel, appurtenances, etc. (the "Vessel"), brings this admiralty action pursuant to 46 U.S.C. § 30501 *et seq.*, the Shipowners' Limitation of Liability Act (the "Limitation Act"), for exoneration from or limitation of liability against Defendants SUNSPLASH MARINA LLC, a New Jersey Limited Liability Company ("Sunsplash Marina"); OCEANROCKETS, INC., a New Jersey Corporation ("Oceanrockets"); YANK MARINE INC., a New Jersey Corporation ("Yank Marine"); H.O. BOSTROM COMPANY, INC., a Wisconsin Corporation ("H.O. Bostrom"); and SEATBELTPLANET.COM, LLC, an Oklahoma Limited Liability Company ("Sealbeltplanet.com") (collectively, "Defendants").  Compl., ECF No. 1 at 2.[1]

Before the Court is Plaintiff in Limitation's (1) *Ad Interim* Stipulation for Value and Costs, ECF No. 4; (2) Letter of Undertaking, ECF No. 4-1; (3) Application for Injunction and Monition, ECF No. 4-2; and (4) Notice of Complaint for Exoneration from or Limitation of Liability, ECF No. 5.  After considering the papers submitted, supporting documentation, and applicable law, the Court rejects Plaintiff in Limitation's (1) Stipulation for Value and Costs and Letter of Undertaking as sufficient security; (2) request for an injunction of all proceedings arising out of the Incident, as defined below, giving rise to this limitation action; and (3) request for the Clerk of the Court to issue notice out of and under the seal of this Court.

/ / /

/ / /

/ / /

/ / /

---

[1]   Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

## II.   BACKGROUND

### A.   Statement of Facts[2]

On or about December 18, 2012, Defendant Sunsplash Marina entered into a contract with Plaintiff in Limitation for the construction of the Vessel.  ECF No. 1 at 5, ¶ 17.  Defendants Sunsplash Marina, Oceanrockets, and Yank Marine were all involved in the design and construction of the Vessel (collectively, "Builder Defendants")."  *Id.* at 5, ¶ 17.  In 2013, Sunsplash Marina built the Vessel in Tuckahoe, New Jersey.  ECF No. 1-3 at 3, ¶ 4.

Defendants H.O. Bostrom and Sealbeltplanet.com manufactured and supplied Builder Defendants with the passenger seats and seatbelt equipment, which Builder Defendants installed on board the Vessel.  ECF No. 1 at 5, ¶ 18, 8, ¶ 35.  Plaintiff in Limitation alleges that it did not replace the seatbelts or passenger seats on board prior to the date of the alleged incident.  *Id.* at 7-8, ¶ 34.

On August 5, 2018, Jade Spurr boarded the Vessel for a regularly scheduled jet boat tour of the San Diego Bay.  ECF No. 1 at 5, ¶ 19.  Ms. Spurr alleges that, during a high-speed turning maneuver, her safety belt became undone, and she hit her head on a metal railing attached to the Vessel adjacent to her seat (the "Incident").  *Id.* at 5, ¶ 19.

On July 31, 2020, Ms. Spurr filed a Complaint for damages in San Diego Superior Court, Case No. 37-2020-00026937-CU-PO-CTL, alleging "traumatic brain injuries and other serious personal injury" as a result of the Incident (the "State Court Action").  ECF No. 1 at 5, ¶ 20.  As of the date of the filing of the complaint in this case, no other lawsuits have been filed by any other person or entity related to the Incident.  *Id.* at 5, ¶ 21.  On July 31, 2020, Ms. Spurr gave Plaintiff in Limitation notice of her lawsuit.  *Id.* at 6, ¶ 27.

Plaintiff in Limitation alleges that the value of its interest in the Vessel, at the end of the voyage on August 5, 2018, after the Incident, was no more than $775,000.  ECF No. 1 at 6, ¶ 27.

---

[2]    The majority of the facts set forth are taken from the operative complaint, and in reciting the above facts, the Court is not making any findings.

### B.   Procedural History

On January 28, 2021, Plaintiff in Limitation filed this action for exoneration of limitation of liability for damages for (1) strict liability, (2) indemnity, and (3) contribution.  ECF No. 1.  Plaintiff in Limitation's complaint, *inter alia*, asks the Court to (1) accept its appraised value of $775,000 as the value of the Vessel; (2) enjoin further prosecution of any actions relating to the Vessel; (3) approve the security offered by Plaintiff in Limitation; (4) adjudge that Plaintiff in Limitation is not liable; (5) limit liability, as requested, to the value of the Vessel at the conclusion of the voyage if Plaintiff in Limitation is adjudged liable; (6) hold Defendants liable in products liability for any injuries and damage; (7) order Defendants to indemnify Plaintiff in Limitation for any injuries and damage; (8) order Defendants to contribute to any liability of Plaintiff in Limitation for any injuries and damages; (9) dismiss *with prejudice* any claims Ms. Spurr may file; and (10) order that if Ms. Spurr is entitled to recover, she may only recover against Defendants.  ECF No. 1 at 9-10, ¶¶ 1-10.

Although the summons issued on January 29, 2021, Plaintiff has not filed a proof of service indicating any of the defendants have been served.  *See* ECF No. 3.

On January 29, 2021, Plaintiff also filed a (1) *Ad Interim* Stipulation for Value and Costs, ECF No. 4; (2) Letter of Undertaking, ECF No. 4-1; (3) Application for Injunction and Monition, ECF No. 4-2; and (4) Notice of Complaint for Exoneration from or Limitation of Liability, ECF No. 5.

## III.   LEGAL STANDARD

The owner of a seagoing vessel "may bring a civil action in a district court of the United States for limitation of liability" so long as the owner brings the action "within 6 months after a claimant gives the owner written notice of a claim."  46 U.S.C. § 30511(a); Fed. R. Civ. P., Supp. R. F(1).  "The complaint may demand exoneration from as well as limitation of liability."  Fed. R. Civ. P., Supp. R. F(2).  This complaint must state: (1)"the facts on the basis of which the right to limit liability is asserted," (2) "all facts necessary to enable the court to determine the amount to which the owner's liability shall be

limited," (3) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination," (4) "the amount of all demands including all unsatisfied liens or claims of lien . . . arising on that voyage, so far as known to the plaintiff," (5) "what actions and proceedings, if any, are pending thereon," (6) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where," (7) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage," and (8) "the amount of any pending freight recovered or recoverable."  FED. R. CIV. P., Supp. R. F(2).  The plaintiff in limitation must file the complaint "in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability," or where "the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim."  FED. R. CIV. P., Supp. R. F(9).

Once the owner brings such an action, the owner must provide security for the benefit of the claims either in an amount "equal to the value of the owner's interest in the vessel and pending freight, or approved security" or "that the court may fix from time to time as necessary to carry out this chapter."  46 U.S.C. § 30511(b); FED. R. CIV. P., Supp. R. F(1).  This security may be provided by either depositing the amount with the court or transferring the amount to a trustee appointed by the Court.  46 U.S.C. § 30511(b); FED. R. CIV. P., Supp. R. F(1).  Once the owner has complied with the aforementioned security requirement, "all claims and proceedings against the owner related to the matter in question shall cease."  46 U.S.C. § 30511(c); FED. R. CIV. P., Supp. R. F(1), (3); *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).  "On application of the plaintiff the court shall enjoin the further prosecution of any action[3] or

---

[3]    Generally, Rule 65 of the Federal Rules of Civil Procedure only allows for the issuance of a temporary restraining order or injunction if the adverse party receives notice.  FED. R. CIV. P. 65(a).  However, the Supplemental Rules of Civil Procedure govern, *inter alia*, "the procedure in admiralty and maritime claims within the meaning of Rule 9(h) with respect to . . . actions for exoneration from or limitation of liability."  FED. R. CIV. P., Supp. R. A(1).  These rules provide that "[t]he Federal Rules of Civil Procedure also apply to the

proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." FED. R. CIV. P., Supp. R. F(3).

After the vessel owner provides the required security, the Court will also "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." FED. R. CIV. P., Supp. R. F(4). This notice will set a claim filing deadline at least 30 days after the Court issues the notice and will "be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." *Id.*

## IV.  **DISCUSSION**

Federal courts have exclusive jurisdiction over admiralty and maritime claims. 28 U.S.C. § 1333(1); *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983). Congress has authorized a vessel owner to seek to "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) (citing the Limitation Act). The Limitation Act services to protect maritime commerce, encourage investment in "the American merchant fleet," and "protect vessel owners from unlimited exposure to liability." *Id.* at 453; *Maryland Cas. Co. v. Cushing,* 347 U.S. 409 (1954). "A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." *Ross Island*, 226 F.3d at

---

foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." FED. R. CIV. P., Supp. R. A(2). Because Supplemental Rule F provides that an injunction shall issue once the plaintiff provides the required security and/or applies to the Court without requiring notice to any adverse parties, the Court interprets the notice requirements of Rule 65 as inconsistent with Supplemental Rule F and 46 U.S.C. § 30511(c), resulting in Supplemental Rule F applying over Rule 65. Thus, the fact that Defendants have not been served does not prevent this Court from issuing the injunction requested.

1016-18 (9th Cir. 2000) (affirming the district court's denial of a motion to dissolve the injunction of other proceedings) (citing 46 U.S.C. § 183).

Once a vessel owner invokes the protections of the Limitation Act, the Court may restrain all other proceedings against the vessel owner arising out of the same incident. *Ross Island*, 226 F.3d at 1017; *see also* FED. R. CIV. P., Supp. R. F(1), (3).  Following the issuance of or concurrently with the injunction, the district court "notices all potential claimants and requires them to file claims with the court within a specified time." *Id.*; *see also* FED. R. CIV. P., Supp. R. F(3), (4).  Thereafter, in a proceeding known as a concursus, the district court determines whether there is liability and whether it should be limited. *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988).

In this case, Plaintiff in Limitation has provided an *Ad Interim* Stipulation for Value and Letter of Undertaking in lieu of depositing the funds or transferring its interest in the Vessel.  ECF No. 4.  As outlined below, the Court finds this provides inadequate security to allow the Court to enjoin all related proceedings, including the State Court Action, and as such requires the Court to deny Plaintiff in Limitation's requests.

### A.   <u>Security</u>

Both section 30511 of the Limitation Act and Supplemental Rule F require a plaintiff in limitation to provide security in order to commence a limitation of liability action. However, the Supreme Court has approved alternatives to depositing the funds or transferring the vessel interest by allowing the plaintiff in limitation to stipulate to the value of the vessel.  *See, e.g.*, *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218-19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody.").  "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities."  29-708 Moore's Fed. Prac.—Civ. § 708; *see*

*also* 3 Benedict on Admiralty § 14, at 2–12 (7th ed. 2008) ("If the ship is still useful to [the shipowner], and he desires to keep her in operation, he will have her appraised and furnish the court with an approved surety company stipulation or pay the cash value for which the ship is appraised, plus freight."). Courts have held that such a stipulation coupled with a letter of undertaking qualifies as sufficient security. *See, e.g.*, *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294, n. 4 (9th Cir. 1997) (holding that the defendants' "of undertaking, which remains in effect, is sufficient to perfect in rem jurisdiction in the absence of the ship's arrest"); *Dammers*, 836 F.2d at 753 (approving the use of a letter of undertaking from an insurer, "agreeing to assume any liability of the shipowners up to the stipulated amount of $7,671,000" as security).

Concurrently with its complaint, Plaintiff in Limitation submitted the Declaration of Kells Christian Attesting to the Fair Value of the Vessel. ECF No. 1-3. Mr. Christian attested to the fact that he is an accredited marine surveyor with the Society of Accredited Marine Surveyors, conducted a valuation appraisal survey of the Vessel, and believes the value of the Vessel is $775,000. *Id.* at 3-5. As stated, rather than deposit a sum equal to the Vessel's value with the Court, Plaintiff in Limitation filed an *Ad Interim* Stipulation for Value and Costs and Letter of Undertaking. ECF No. 4. Plaintiff in Limitation's *Ad Interim* Stipulation stipulated to its filing of the Letter of Undertaking to pay up to $775,000 for any liability in this action, as outlined therein, and other sums the Court finds necessary. ECF No. 4 at 2. The Letter of Undertaking from United States Fire Insurance Company and Continental Insurance Company (the "Insurers"), as insurers for both Plaintiff in Limitation and the Vessel (the "Insureds"), indicates the letter will "serve as security for costs within the meaning of Rule F(1) of the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims . . . and the Court's Local Rules." ECF No. 4-1 at 2-3. It states that it will serve as an obligation for the Insurers to pay any judgment entered against the Insureds, excluding punitive and/or exemplary damages, up to $750,000.00, or the value of the Vessel with interest at the legal rate of six percent (6%), plus security for costs in the amount of $500.00. ECF No. 4-1 at 3; *see also* S.D. Cal. Civ. R. F(1) ("Unless otherwise ordered by a judge, the

amount of the security for costs required to be filed in an action for limitation of liability under Rule F(1) is $500.00."). The Insurers list three policies, which the Court finds adequately cover the value of the Vessel. *Id.* However, the Court notes that there is an inconsistency here: The Complaint, ECF No. 1 at 6, ¶ 27, Kells Christian Declaration, ECF No. 1-3 at ¶ 6, and Stipulation, ECF No. 4 at 2:14-21, all reference the Vessel as having a value of $775,000.00, and the Stipulation references the Letter of Undertaking, stating, "Plaintiff in Limitation hereby stipulates to the filing of the Letter of Undertaking . . . in the total sum of $775,000," *id.* at 4:17-18. However, the Letter of Undertaking itself only undertakes "an obligation for . . . Seven Hundred Fifty Thousand Dollars ($750,000.)—the value of the Vessel together with simply interest thereon at the legal rate of six percent (6%)." ECF No. 4-1 at 3. The Stipulation does not address the $25,000 difference, including but not limited to whether the discrepancy is the result of a typographical error or whether Plaintiff in Limitation intends to cover any difference that Insurers will refuse to cover. Because the security provided must be "equal to the value of the owner's interest in the vessel and pending freight, or approved security," 46 U.S.C. § 30511(b); FED. R. CIV. P., Supp. R. F(1), and the Letter of Undertaking is not, the Court finds that Plaintiff in Limitation's Stipulation and Letter of Undertaking provide insufficient security.

## B.   Stay and/or Injunction

Plaintiff in Limitation also seeks an order enjoining the prosecution of the State Court Action against it. As noted above, both the Limitation Act and Supplemental Admiralty Rules contemplate such a stay once proper security has been provided. However, approval of the security is a condition precedent to the issuance of the restraining order. *Dammers*, 836 F. 2d at 753. Because the Court finds Plaintiff in Limitation provided inadequate security, the Court denies Plaintiff in Limitation's request for an injunction *without prejudice* to Plaintiff filing a new Stipulation and Letter of Undertaking.

## C.   Notice

Finally, Plaintiff in Limitation requests an order directing the issuance of notice to potential claimants. Plaintiff in Limitation assures the Court that once presented with the

Order and a copy of the Notice, it will publish the Notice as directed by the Court.  ECF No. 4-2 at 7.  However, because providing the required security also serves as a condition precedent to the provision of notice, FED. R. CIV. P., Supp. R. F(4), the Court must deny this request as well.

## V.    CONCLUSION

For the above reasons, the Court **ORDERS** that:

1.    The *Ad Interim* Stipulation Regarding Security for Value and Costs of the Vessel and Letter of Undertaking are inadequate security as they contain inconsistent amounts, and the Letter of Undertaking undertakes an obligation in an amount that is $25,000.00 less than the appraised value of the Vessel.

2.    Because the security is inadequate, Plaintiff in Limitation's request for an injunction and notice from the Clerk of the Court are **DENIED** *without prejudice* to Plaintiff in Limitation re-submitting the Stipulation, Letter of Undertaking, and Application for Injunction explaining and/or remedying the discrepancy in value.

**IT IS SO ORDERED.**

DATED:    February 16, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge