# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of STAR & CRESCENT BOAT COMPANY, INC., as owner of the Motor Vessel M/V PATRIOT, U.S. Coast Guard Official No. 1246882, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability, | Case No.: 3:21-cv-00169-BEN-JLB **ORDER GRANTING JOINT MOTION (1) TO CONTINUE DATES IN THE COURT'S ORDER SETTING THE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE AND (2) STAY DISCOVERY** |
| STAR & CRESCENT BOAT COMPANY, INC. dba FLAGSHIP CRUISES & EVENTS | **[ECF No. 36]** |
| Plaintiff, v. | |
| SUNSPLASH MARINA LLC, a New Jersey Limited Liability Company; OCEAN ROCKETS, INC., a New Jersey Corporation; YANK MARINE INC., a New Jersey Corporation; H.O. BOSTROM COMPANY, INC., a Wisconsin Corporation; SEATBELTPLANET.COM, LLC, an Oklahoma Limited Liability Company; and DOES 1 through 10, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff in Limitation Star & Crescent Boat Company, Inc. dba Flagship Cruises & Events ("Plaintiff in Limitation"), as owner of the Motor Vessel PATRIOT, U.S. Coast Guard Official No. 124682, and her engines, equipment, tackle, apparel, appurtenances, etc. (the "Vessel"), brings this admiralty action pursuant to 46 U.S.C. § 30501 *et seq.*, the Shipowners' Limitation of Liability Act (the "Limitation Act"), for exoneration from or limitation of liability against Defendants Sunsplash Marina, LLC, a New Jersey Limited Liability Company ("Sunsplash Marina"); Ocean Rockets, Inc., a New Jersey Corporation ("Ocean Rockets"); Yank Marine, Inc., a New Jersey Corporation ("Yank Marine"); H.O. Bostrom Company, Inc., a Wisconsin Corporation ("H.O. Bostrom"); and Seatbeltplanet.com, LLC, an Oklahoma Limited Liability Company ("Sealbeltplanet.com") (collectively, "Defendants"). Compl., ECF No. 1 at 2.[1]

Before the Court is the Joint Motion of Defendants Sunsplash Marina, Ocean Rockets, H.O. Bostrom, and Seatbeltplanet.com along with Ms. Spurr (collectively, the "Moving Parties") to (1) Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC"); (2) Continue All Deadlines contained in Magistrate Judge Burkhardt's Order Setting the ENE; and (3) Order a Limited Stay Until the Court rules on Defendants' Sunsplash Marina and Ocean Rockets' Pending Motion to Dismiss. ECF No. 36. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Joint Motion.

## II. BACKGROUND

A detailed factual and procedural history of this case is set forth in the Court's order on April 19, 2021, in *Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*, No. 321CV00169BENJLB, 2021 WL 1526601, at *1-3 (S.D. Cal. Apr. 19, 2021), which the Court incorporates herein. In that April 19, 2021 Order, the Court (1) accepted Plaintiff in Limitation's Stipulation for Value and Letter of Undertaking; (2) granted Plaintiff's

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

Application for Injunction; and (3) ordered Notice of the Complaint for Exoneration from or Limitation of Liability to Issue. ECF No. 12. It also included a provision ordering Plaintiff in Limitation to serve all Defendants within ninety (90) days of filing of the complaint, or by April 28, 2021. *See id.* Accordingly, Plaintiff in Limitation served the following defendants on the below dates:

| **Defendant:** | **Date Served:** | **Date Responsive Pleading Was Due:** | **Date Responsive Pleading Filed:** |
|---|---|---|---|
| Sunsplash Marina | April 21, 2021. ECF No. 15. | May 12, 2021, initially, but June 11, 2021, after the Court granted an extension. *See* ECF No. 20. | June 11, 2021 (Motion to Dismiss). *See* ECF No. 31. |
| Ocean Rockets | April 21, 2021. ECF No. 16. | | |
| Yank Marine | April 21, 2021. ECF No. 14. | May 12, 2021 | N/a – Voluntarily dismissed on May 25, 2021, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. ECF No. 28. |
| H.O. Bostrom | April 23, 2021. ECF No. 17 | May 14, 2021, initially, but June 14, 2021, after the Court granted an extension. *See* ECF No. 22. | June 14, 2021 (Answer). *See* ECF No. 32. |
| Sealbeltplanet.com | April 27, 2021. ECF No. 18. | May 18, 2021 | May 18, 2021 (Answer). *See* ECF No. 23. |

Additionally, on May 24, 2021, Plaintiff in Limitation filed an Affidavit of Publication. ECF No. 27. The following day, on May 25, 2021, and as shown above, Plaintiff in Limitation also filed a Notice of Voluntary Dismissal of Defendant Yank Marine, noting that although Yank Marine had been served, it had failed to file a responsive pleading or claim in this case. *See* ECF No. 28.

On May 25, 2021, Ms. Spurr filed a Claim for Damages (although there is no request for any fixed amount of damages anywhere within this claim). ECF No. 29.

On May 28, 2021, Magistrate Judge Jill Burkhardt issued an Order Setting an ENE

-3-

and CMC for this case. ECF No. 30.

On June 11, 2021, Defendants Sunsplash Marina and Ocean Rockets filed a Motion to Dismiss Pursuant to Rule 12(b)(2)-(3) of the Federal Rules of Civil Procedure. ECF No. 31.

On June 14, 2021, H.O. Bostrom filed its Answer to the Complaint. ECF No. 32. That same day, Plaintiff in Limitation also filed an Answer to Ms. Spurr's Claim. ECF No. 33.

On June 18, 2021, the Moving Parties filed the instant Joint Motion. ECF No. 36. Although Plaintiff in Limitation did not join in the Joint Motion, the Moving Parties indicate that Plaintiff in Limitation does not oppose it and is amenable to the relief requested. *Id.* at 2:25-27.

## III. LEGAL STANDARD

### A. Joint Motion

"Except as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge." S.D. Cal. Civ. R. 7.2(a). Such stipulations "must first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer." S.D. Cal. Civ. R. 7.2(b).

### B. Motion to Stay

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh

competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted).

## IV. DISCUSSION

On May 28, 2021, this Court issued an order, which requires the parties in this action to (1) conduct a conference of counsel and prepare an initial timeline to perform their discovery obligations by June 21, 2021; (2) file initial disclosures and a joint discovery plan by July 7, 2021; and (3) appear for a CMC and ENE on July 14, 2021 at 9:00 a.m. ECF No. 30 at 1, 5. The Motion to Dismiss of Defendants Sunsplash Marina and Ocean Rockets will be heard on July 12, 2021. *See* ECF No. 31.

The Moving Parties argue that "[b]ecause the . . . Motion to Dismiss was filed with the intention to extricate Movants from the matter in its entirety, . . . it would be most efficient to stay discovery, disclosures, and legal conferences until said motion is decided by the Court, or July 19, 2021, whichever occurs first." ECF No. 36 at 3:16-19. They cite the standard for when parties request a stay of discovery when a case dispositive motion is pending. *See id.* at 4:5-11. However, no discovery from the parties is expected or planned (as far as the Court has been informed) before the hearing date on the Motion to Dismiss; rather, Magistrate Judge Burkhardt's Scheduling Order merely requires the parties to discuss initial disclosures and file a joint discovery plan (as opposed to actually beginning discovery) by July 7, 2021. While it also sets the Rule 26(f) Conference for Monday, June 21, 2021, meaning the parties *could* begin propounding discovery that day, *see* FED. R. CIV. P. 26(d)(1) (providing that discovery may not begin until the Rule 26(f) conference), even if a party propounded discovery that day, the earliest written discovery responses would be due would be after the hearing (*i.e.*, on July 21, 2021). *See* FED. R. CIV. P. 33, 34, 37. Further, even if a party noticed a deposition that day, Defendants Sunsplash Marina and Ocean Rockets could still meet and confer or seek a protective

order. Thus, on the one hand, the Court finds that a stay of discovery should not be necessary because the hearing date on Defendants' Motion is scheduled to take place before any discovery responses would be due. On the other hand, the Court sees value in saving Sunsplash Marina and Ocean Rockets attorneys fees and costs (even if minimal) when they assert that the Court lacks personal jurisdiction over them. If their position is correct, they should not have to expend costs on preparing to partake in the discovery process. As such, the Court, after conferring with Magistrate Judge Burkhardt, agrees that a modification of her Scheduling Order is appropriate, as outlined below.

The Moving Parties also ask Ms. Spurr's father, Brad Spurr, to participate in the ENE in addition to and not in lieu of Ms. Spurr's participation. ECF No. 30 at 4:28-5:3. They argue that "Ms. Spurr is a young adult, and is desirous of having her father's counsel and advice in evaluating any matters which arise during the ENE." *Id.* at 5:2-5. The Court finds no reason to prohibit Mr. Spurr from attending the ENE.

## V. CONCLUSION

For the above reasons, the Court **GRANTS-IN-PART** the Joint Motion as follows:

1. Magistrate Judge Burkhardt's Notice and Order Setting the ENE and CMC remains in effect, ECF No. 30, except for the below dates, which are modified as follows:

| Event: | Previous Deadline: | New Deadline: |
|---|---|---|
| **Rule 26(f) Conference:** | Monday, June 21, 2021 | Monday, July 26, 2021 |
| **Initial Disclosures:** | Wednesday, July 7, 2021 | Monday, August 9, 2021 |
| **Joint Discovery Plan:** | Wednesday, July 7, 2021 | Monday, August 9, 2021 |
| **ENE/CMC:** | Wednesday, July 14, 2021 | Wednesday, August 18, 2021 |

2. Ms. Spurr's father, Brad Spurr, is permitted to attend the ENE.

**IT IS SO ORDERED.**

DATED: June 22, 2021

**HON. ROGER T. BENITEZ**
United States District Judge