1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

In the matter of the Complaint of STAR &
CRESCENT BOAT COMPANY, INC., as
owner of the Motor Vessel M/V
PATRIOT, U.S. Coast Guard Official No.
1246882, and her engines, equipment,
tackle, apparel, appurtenances, etc., for
Exoneration from or Limitation of
Liability,

STAR & CRESCENT BOAT
COMPANY, INC. dba FLAGSHIP
CRUISES & EVENTS,

Plaintiff,

v.

SUNSPLASH MARINA LLC, a New
Jersey Limited Liability Company;
OCEAN ROCKETS, INC., a New Jersey
Corporation; H.O. BOSTROM
COMPANY, INC., a Wisconsin
Corporation; SEATBELTPLANET.COM,
LLC, an Oklahoma Limited Liability
Company,

Defendants.

Case No.:  3:21-cv-00169-BEN-JLB

**ORDER GRANTING:**

**(1)  JOINT MOTION TO STAY**

**(2)  PLAINTIFF IN LIMITATION'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**[ECF Nos. 50, 55]**

-1-

## I.   **INTRODUCTION**

Plaintiff in Limitation Star & Crescent Boat Company, Inc. dba Flagship Cruises & Events ("Plaintiff in Limitation"), as owner of the Motor Vessel PATRIOT, U.S. Coast Guard Official No. 124682, and her engines, equipment, tackle, apparel, appurtenances, etc. (the "Vessel"), brings this admiralty action pursuant to 46 U.S.C. § 30501 *et seq.*, the Shipowners' Limitation of Liability Act (the "Limitation Act"), for exoneration from or limitation of liability against Defendants Sunsplash Marina, LLC, a New Jersey limited liability company ("Sunsplash"); Ocean Rockets, Inc., a New Jersey corporation ("Ocean Rockets"); H.O. Bostrom Company, Inc., a Wisconsin corporation ("H.O. Bostrom"); and Seatbeltplanet.com, LLC, an Oklahoma limited liability company ("Sealbeltplanet.com") (collectively, "Defendants").  Complaint, ECF No. 1 ("Compl.") at 2.[1]

Before the Court are the following motions: (1) Plaintiff in Limitation's Motion for Entry of a Default Judgment as to All Non-Appearing Claimants, ECF No. 55, and (2) the Joint Motion of Plaintiff in Limitation and Claimant Jade Spurr ("Claimant" or "Ms. Spurr") to (a) Lift the Stay of the State Court Action; (b) Stipulate to the District Court's Jurisdiction to Determine the Limitation of Liability Issues; and (c) Conditionally Stay the Limitation Action, ECF No. 50.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** (1) Plaintiff in Limitation's Motion for Entry of a Default Judgment as to All Non-Appearing Claimants, ECF No. 55, and (2) the Joint Motion, ECF No. 50.

## II.   **BACKGROUND**

A detailed factual and procedural history of this case is set forth in the Court's orders on April 19, 2021, in *Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*, No. 3:21-cv-00169-BEN-JLB, 2021 WL 1526601, at **1-3 (S.D. Cal. Apr. 19, 2021), and July 15, 2021, in *id.*, 2021 WL 2988467, at **2-5 (S.D. Cal. July 15, 2021).  The Court reiterates only the salient points relevant to the instant motions.

---

[1]   Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

-2-

1

## A.   Statement of Facts

2      On August 5, 2018, Claimant boarded the Vessel for a regularly scheduled jet boat
3  tour of the San Diego Bay.  Compl. at 5, ¶ 19.  Claimant alleges that, during a high-speed
4  turning maneuver, her safety belt became undone, and she hit her head on a metal railing
5  attached to the Vessel adjacent to her seat (the "Incident").  *Id.* at 5, ¶ 19.

6      Plaintiff in Limitation alleges that the value of its interest in the Vessel, at the end of
7  the voyage on August 5, 2018, was no more than $775,000.00.  Compl. at 6, ¶ 27.

8

## B.   Procedural History

9      On July 31, 2020, Ms. Spurr filed a Complaint for damages against Plaintiff in
10  Limitation and Jay Goodrich in the San Diego Superior Court, Case No. 37-2020-
11  00026937-CU-PO-CTL, alleging "traumatic brain injuries and other serious personal
12  injury" as a result of the Incident (the "State Court Action").  Compl. at 5, ¶ 20.  As of the
13  date of the filing of the Complaint in this case, no other lawsuits have been filed by any
14  other person or entity related to the Incident.  *Id.* at 5, ¶ 21.  On July 31, 2020, Ms. Spurr
15  also gave Plaintiff in Limitation notice of her lawsuit.  *Id.* at 6, ¶ 27.

16      On April 19, 2021, the Court (1) accepted Plaintiff in Limitation's Stipulation for
17  Value and Letter of Undertaking; (2) granted Plaintiff's Application for Injunction; and (3)
18  ordered a Notice of Complaint for Exoneration from or Limitation of Liability to Issue.
19  ECF No. 12; *see also Star & Crescent*, 2021 WL 1526601, at *1-3.

20      On May 24, 2021, Plaintiff in Limitation filed its Affidavit of Publication.  ECF No.
21  27.  The following day, on May 25, 2021, Plaintiff in Limitation also filed a Notice of
22  Voluntary Dismissal of Defendant Yank Marine, noting that although Yank Marine had
23  been served, it failed to file a responsive pleading or claim in this case.  *See* ECF No. 28.

24      On May 25, 2021, Ms. Spurr filed a Claim for Damages (although there is no request
25  for any fixed amount of damages anywhere within this claim).  ECF No. 29.

26      On June 14, 2021, H.O. Bostrom timely filed an Answer to Plaintiff in Limitation's
27  Complaint.  ECF No. 32.  That same day, Plaintiff in Limitation also filed an Answer to
28  Ms. Spurr's Claim.  ECF No. 33.

1    On July 15, 2021, the Court granted the Motion to Dismiss Pursuant to Rule 12(b)
2    of the Federal Rules of Civil Procedure filed by Defendants Sunsplash and Ocean Rockets.
3    ECF No. 47.

4    On August 9, 2021, Plaintiff and Claimant filed the Joint Motion to (a) Lift the Stay
5    of the State Court Action; (b) Stipulate to the District Court's Jurisdiction to Determine the
6    Limitation of Liability Issues; and (3) Conditionally Stay the Limitation Action. ECF No.
7    50.

8    On August 12, 2021, Plaintiff in Limitation filed a Request for Clerk's Entry of
9    Default as to All Non-Appearing Claimants. ECF No. 53. On August 13, 2021, the Clerk
10   of the Court entered the default of all possible claimants, known and unknown, who had
11   not filed and served their claims or answers against Plaintiff in Limitation. ECF No. 54.
12   On August 18, 2021, Plaintiff in Limitation filed a Motion for Entry of Default Judgment
13   as to All Non-Appearing Claimants. ECF No. 55.

14   **III.   LEGAL STANDARD**

15   **A.    Joint Motion to Stay**

16   "Except as otherwise provided, stipulations must be recognized as binding on the
17   Court only when approved by the judge." S.D. Cal. Civ. R. 7.2(a). Such stipulations "must
18   first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a
19   "a separate points and authorities or declaration unless required by the nature of the motion
20   or requested by the assigned judicial officer." S.D. Cal. Civ. R. 7.2(b).

21   A court's power to stay proceedings is incidental to the inherent power to control the
22   disposition of its cases in the interests of efficiency and fairness to the court, counsel, and
23   litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted
24   pending the outcome of other legal proceedings related to the case in the interests of judicial
25   economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).
26   Discretion to stay a case is appropriately exercised when the resolution of another matter
27   will have a direct impact on the issues before the court, thereby substantially simplifying
28   the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465

-4-

1  (9th Cir. 1983).  In determining whether a stay is appropriate, a district court "must weigh

2  competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.  "[I]f there

3  is even a fair possibility that the stay … will work damage to some one else, the stay may

4  be inappropriate absent a showing by the moving party of hardship or inequity."

5  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.

6  2007) (citation and internal quotation marks omitted).

7  **B.   Motion for Entry of Default Judgment**

8  "When a party against whom a judgment for affirmative relief is sought has failed

9  to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

10  must enter the party's default." FED. R. CIV. P. 55(a).  Once the Clerk of the Court enters

11  a party's default, the Court may, upon application, enter a default judgment against the

12  defaulted party.  *See* FED. R. CIV. P. 55(b).  Although default judgments are generally

13  disfavored, they rest within the district court's discretion.  *See Alan Neuman Prods., Inc.*

14  *v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  In determining the merits of a motion for

15  default judgment, the well-pleaded factual allegations are taken as true, except as to

16  allegations regarding the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d

17  915, 917-18 (9th Cir. 1987).  "No default judgment will be entered by the Clerk in any

18  Admiralty proceeding, unless ordered by the Court."  S.D. Cal. Civ. R. E.1(a)(1).

19  **IV.   DISCUSSION**

20  In the earlier-filed Joint Motion, the Parties stipulate to various facts and ask the

21  Court to stay the instant Limitation Action.  *See* ECF No. 50 at 5:17-21.  However, because

22  the request for the stay is contingent upon the Court granting the relief requested in the

23  Motion for Entry of Default Judgment, ECF No. 55, the Court addresses that motion first.

24  Finding entry of default judgment appropriate, the Court proceeds to **GRANT** the stay.

25  **A.   Motion for Entry of Default Judgment**

26  The Supplemental Rules to the Federal Rules of Civil Procedure, which govern

27  Admiralty or Maritime Claims and Actions for Limitation of Liability, provide that after a

28  vessel owner provides the required security, as occurred in this case, *see* ECF No. 8, the

1    Court will also "issue a notice to all persons asserting claims with respect to which the

2    complaint seeks limitation, admonishing them to file their respective claims with the clerk

3    of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date

4    to be named in the notice."   FED. R. CIV. P., Supp. R. F(4).   This notice will set a claim

5    filing deadline at least 30 days after the Court issues the notice and will "be published in

6    such newspaper or newspapers as the court may direct once a week for four successive

7    weeks prior to the date fixed for the filing of claims."   *Id.*   Any claims must "be filed and

8    served on or before the date specified in the notice provided."   FED. R. CIV. P., Supp. R.

9    F(5).   "Each claim shall specify the facts upon which the claimant relies in support of the

10   claim, the items thereof, and the dates on which the same accrued."   FED. R. CIV. P., Supp.

11   R. F(5).   "If a claimant desires to contest either the right to exoneration from or the right to

12   limitation of liability the claimant shall file and serve an answer to the complaint unless

13   the claim has included an answer."   *Id.*

14       If a known or potential claimant fails to respond to public notice of a complaint for

15   exoneration from and/or limitation of liability by the deadline provided in the notice, some

16   courts have entered default judgment against those non-appearing claimants so long as (1)

17   the Plaintiff in Limitation satisfies its obligation to publish notice; (2) the notice clearly

18   states the deadline for filing a claim or answer to the limitation action; and (3) the notice

19   indicates that failing to timely file a claim and/or answer will result in default and being

20   barred from filing a claim and/or answer.   *See, e.g.*, *Matter of Bountiful Oceans, Inc.*, No.

21   17-cv-03625-JSW-MEJ, 2017 WL 9840304, at *4 (N.D. Cal. Nov. 8, 2017), *report and*

22   *recommendation adopted*,  2017 WL 9839118 (N.D. Cal. Dec. 20, 2017) (entering default

23   judgment, pursuant to Rule 55(b) and Supplemental Rule F of the Federal Rules of Civil

24   Procedure, against "all persons who claim to have sustained any loss, injury, expense or

25   damage as a result of the aforesaid incident . . . and who have failed to file claims in this

26   action in accordance with the Court-ordered deadlines that have now passed"); *In re*

27   *Complaint of Parker Boat Club, LLC v. Claimants*, No. 6:20-cv-1334-ORL-78EJK, 2021

28   WL 2877645, at *2-3 (M.D. Fla. Mar. 10, 2021), *report and recommendation adopted sub*

1   *nom.* 2021 WL 2877646 (M.D. Fla. Mar. 31, 2021) (same); *In re Freedom Marine Sales,*
2   *LLC*, No. 8:19-cv-939-T-30SPF, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019)
3   (same).

4           As outlined below, the Court finds the conditions for entry of default judgment have
5   been met.  On April 26, 2021, the Clerk of the Court issued notice requiring all persons
6   wishing to contest Plaintiff in Limitation's Complaint to file a claim within thirty (30) days
7   of receiving notice, or by May 26, 2021.  ECF No. 13.  On May 24, 2021, Plaintiff in
8   Limitation filed a Proof of Publication, showing that notice was published in the Uptown
9   San Diego Examiner on April 30, May 27, May 14, and May 21, 2021.  ECF No. 27; ECF
10  No. 55 at 5:9-12 (citing Declaration of Anna Gourgiotopoulou at ¶¶ 3-4).  On May 26,
11  2021, Ms. Spurr timely filed her Claim for Damages and Answer to Plaintiff in Limitation's
12  Complaint.  ECF No. 29; *see also* ECF No. 55 at 5:12-13.  To date, no other claims have
13  been filed.  ECF No. 55 at 3:14-15.[2]  Thus, Plaintiff in Limitation contends that "[b]ecause
14  all the requirements of Fed. Rule Civ. Proc. 55(a) and (b) have been met, default judgment
15  is appropriate."  ECF No. 55 at 5:13-17.  It elaborates that "[d]efault judgment is further
16  warranted to allow the parties to litigate the questions of liability and damages in state court
17  pursuant to the Single Claimant Exception, while reserving the question of limitation for
18  this Court."  *Id.* at 5:18-20.  Plaintiff in Limitation also makes clear that "[t]he requested
19  default judgment order . . . is a necessary prerequisite to the Court's acceptance of [the
20  Parties'] stipulation [to stay this case], as it will conclusively establish this matter as a
21  single claimant case, precluding any possibility of future claims."  *Id.* 5:24-6:2.

22          Plaintiff in Limitation has complied with the procedures set forth in Supplemental
23  Rule F of the Federal Rules of Civil Procedure as well as procedures in the Court's order,
24  *see* ECF No. 12.  Further, the Complaint alleges the facts required by Supplemental Rule
25  F(2), and the relief requested by Plaintiffs in Limitation is within the bounds of the relief

26  _____

27  [2]      Defendants H.O. Bostrom and Seatbeltplanet.com have appeared but not filed
28  claims.  ECF No. 55 at 3:15-17.  Defendants Sunsplash and Ocean Rockets, who were
    dismissed, also did not file any claims against Plaintiff in Limitation.  *Id.* at 3:17-19.

1 requested in the Complaint.  *See* ECF No. 1.  As such, Plaintiff in Limitation has established
2 entitlement to default judgment against the non-appearing defendants pursuant to Federal
3 Rule of Civil Procedure 55 and Supplemental Rules F(4) and F(5).  *See, e.g.*, *Bountiful*
4 *Oceans*, 2017 WL 9840304, at *4 (granting default judgment for the same reasons).

5 **B.      Joint Motion to Stay**

6        In the Joint Motion to Stay the instant Limitation Action, the Parties stipulate to the
7 following facts:

8        1.      Claimant objects to the present value of the Limitation Fund and reserves the
9 right to seek an order that such fund be increased;

10       2.      To date, Claimant is the only party claiming against the Plaintiff in Limitation
11 and the Limitation Fund in connection with the Incident aboard the Vessel, and the Court-
12 ordered deadline to file claims against Plaintiff in Limitation expired as of May 26, 2021;

13       3.      Once the Court enters an order of default judgment as to all non-appearing
14 claimants in this Limitation Action, Plaintiff in Limitation and Claimant agree that pursuant
15 to the single claimant exception[3] to limitation actions, the State Court Action should be
16 resolved prior to the resolution of this Limitation Action;

17       4.      This Limitation Action should be held in abeyance pending trial and entry of
18 judgment in the State Court Action after (1) compliance with the requirements of Rule F(1)
19 and (4) of the Supplemental Rules of Civil Procedure; (2) expiration of the notice period
20 of Rule F(4); and (3) entry of default of all non-appearing claimants;

21

---

22 [3]     "Under the 'single claimant exception,' if only *one* claim has been filed and 'nothing
23 appears to suggest the possibility of another claim,' a district court is required to dissolve
its injunction to permit the single claimant to pursue a separate action and jury trial." *In re*
24 *Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000); *see also*
*Matter of Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d 1214, 1218 (S.D. Cal. 2018) (Anello,
25 J.) (noting that claims may proceed outside a limitation action where (1) there is only a
26 single claimant in the action, or (2) the total value of the claims does not exceed the value
of the limitation fund); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451
27 (2001) (reiterating the right of "claimants to proceed with their claims in state court where
28 there is only a single claimant") (citing *Langnes v. Green*, 282 U.S. 531 (1931)).

5.      If the State Court Action results in a judgment in Claimant's favor on issues including, but not limited to, causation, liability, and damages in excess of the Limitation Fund, Plaintiff in Limitation and Claimant agree that all issues pertaining to Plaintiff in Limitation's right to exoneration or limitation of its liability under the Limitation Act will be adjudicated by this Court, if necessary, and that this Court has exclusive jurisdiction to determine such issues;

6.      If no liability against Plaintiff in Limitation is found in the State Court Action, or the damages assessed against Plaintiff in Limitation are less than the Limitation Fund as such fund is presently valued, there will be no need to have any further proceedings in this Limitation of Liability Action[4];

7.      This Court will retain exclusive jurisdiction, if necessary, to determine whether, under the law and facts, Plaintiff in Limitation have the right to limit its liability under the Limitation Act;

8.      Claimant will not seek to enforce any judgment against Plaintiff in Limitation arising out of the State Court Action which exceeds the value of the Limitation Fund unless and until this Court enters judgment in this Limitation Action or the Limitation Action is otherwise dismissed;

9.      Claimant waives any claim of res judicata, collateral estoppel, and/or issue preclusion pertaining to the issues of limitation of liability based on any decisions, rulings, or judgments obtained in the State Court Action;

10.     Claimant will not seek to enforce any judgment rendered in any forum outside of this Limitation of Liability Action, whether against Plaintiff in Limitation or another person or entity that would be entitled to seek indemnity or contribution from Plaintiff in Limitation, by way of cross-complaint or otherwise, that would expose Plaintiff in Limitation to liability in excess of the Limitation Fund, unless and until this Court denies

---

[4]     *See, e.g.*, *Matter of Hechinger*, 890 F.2d 202, 207 (9th Cir. 1989) (providing that "[o]nce a proper limitation of liability petition has been filed, the court 'must [first] determine what acts of negligence or conditions of unseaworthiness caused the accident'").

1  Plaintiff in Limitation's right to limit its liability;

2      11.    Claimant will not seek to enforce any decision, ruling, or judgment that would

3  require Plaintiff in Limitation to pay damages in excess of the Limitation Fund if this Court

4  grants Plaintiff in Limitation's request for limitation under 46 U.S.C. §§ 30501, et seq. and

5  that ruling is upheld after all appeals of the decision have been resolved and exhausted; and

6      12.    Formal discovery taken in this Limitation of Liability Action and the State

7  Court Action may be used in either action.

8  Joint Motion, ECF No. 50 at 3-5, ¶¶ 4-9.

9      In consideration of the aforementioned stipulations, Plaintiff in Limitation and

10  Claimant ask the Court to lift the stay of the State Court Action filed by Claimant, and upon

11  the entry of default judgment as to all non-appearing claimants, stay the Limitation of

12  Liability Action pending settlement or judgment in the State Court Action.  The Court finds

13  good cause exists to stay the instant Limitation Action until conclusion of the State Court

14  Action, which will determine liability.  *See, e.g.*, *Matter of Hechinger*, 890 F.2d at 207

15  (noting that because "[t]he whole doctrine of limitations of liability presupposes that a

16  liability exists which is to be limited, . . . [i]f no liability exists[,] there is nothing to limit").

17  **V.    CONCLUSION**

18      For the above reasons, the Court orders as follows:

19      1.    Plaintiff in Limitation's Motion for Default Judgment is **GRANTED**.  The

20  default of all non-appearing claimants has been entered by the Clerk of the Court.  *See* ECF

21  No. 54.  Default judgment is now entered against all non-appearing claimants, who are

22  barred and permanently restrained from filing and/or prosecuting in any court all claims

23  against Plaintiff in Limitation, as owner of the Vessel, or against the Vessel itself, which

24  might properly have been filed in this limitation proceeding.  Pursuant to this default

25  judgment, in favor of Plaintiff in Limitation and against all persons who failed to file claims

26  in accordance with the Court-ordered deadlines that have now passed, Plaintiff in

27  Limitation is exonerated from liability on all future claims for loss, injury, expense, or

28  damage arising out of Incident involving the Vessel claimed by all such persons.

2.      The Parties' Joint Motion is **GRANTED** as follows:

a.      The stay of all other actions, including the State Court Action, entered on April 19, 2021, *see* ECF No. 12, is lifted.

b.      This Limitation of Liability Action will be stayed pending trial, settlement, and/or entry of judgment in the State Court Action.

i.      If the State Court Action results in a judgment in Claimant's favor on issues including, but not limited to, causation, liability, and damages in excess of the Limitation Fund, Plaintiff in Limitation and Claimant agree that all issues pertaining to Plaintiff in Limitation's right to exoneration or limitation of its liability under the Limitation Act will be adjudicated by this Court, if necessary.

ii.      If no liability against Plaintiff in Limitation is found in the State Court Action, or the damages assessed against Plaintiff in Limitation are less than the Limitation Fund as such fund is presently valued, there will be no need to have any further proceedings in this Limitation of Liability Action, and Plaintiff in Limitation and Claimant must file a Stipulation for Dismissal of this Limitation Action pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure within fourteen (14) days of entry of final judgment in the State Court Action.

iii.      This Court shall have and retain exclusive jurisdiction, if necessary, to determine whether, under the law and facts, Plaintiff in Limitation has the right to limit its liability under the Limitation Act.

13.      Formal discovery taken in this Limitation of Liability Action and the State Court Action may be used in either action.

14.      The Parties shall provide an update to this Court every ninety (90) days as to the status of the State Court Action.

**IT IS SO ORDERED.**

DATED:    September 2, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-11-