UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of STAR & CRESCENT BOAT COMPANY, INC., as owner of the Motor Vessel M/V PATRIOT, U.S. Coast Guard Official No. 1246882, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | Case No.: 21-CV-169 JLS (JLB) **ORDER (1) GRANTING PLAINTIFF IN LIMITATION'S MOTION FOR EXONERATION AND (2) DIRECTING THE CLERK OF THE COURT TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF IN LIMITATION AND CLOSE THE FILE** (ECF No. 69) |
| STAR & CRESCENT BOAT COMPANY, INC. dba FLAGSHIP CRUISES & EVENTS, Plaintiff, v. SUNSPLASH MARINA LLC, a New Jersey Limited Liability Company; OCEANROCKETS, INC., a New Jersey Corporation; YANK MARINE INC., a New Jersey Corporation; H.O. BOSTROM COMPANY, INC., a Wisconsin Corporation; SEATBELTPLANET.COM, LLC, an Oklahoma Limited Liability Company; and DOES 1 through 10, Defendants. | |

     Presently before the Court is Plaintiff in Limitation Star & Crescent Boat Company, Inc.'s, as owner of the Motor Vessel M/V Patriot, U.S. Coast Guard Official No. 1246882, and her engines, equipment, tackle, apparel, appurtenances, etc. ("Plaintiff in Limitation"), Motion for Exoneration ("Mot.," ECF No. 69). No opposition to the Motion has been filed, and the Court has taken this matter under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 71. Having considered the Motion and the law, the Court **GRANTS** the Motion.

     Plaintiff in Limitation, at all times relevant to this litigation, was the owner of the M/V Patriot. *See* Compl. ¶ 2. On August 5, 2018, Claimant Jade Spurr ("Spurr") boarded the M/V Patriot for a jet boat tour of the San Diego Bay. *See id.* ¶ 19. "Spurr alleges that, during a high-speed turning maneuver, her safety belt became undone, and Spurr hit her head on a metal railing[.]" *Id.* On July 31, 2020, Spurr filed a complaint in the Superior Court for the State of California, County of San Diego, alleging injuries as a result of the August 5, 2018 incident. *Id.* ¶ 20.

     On January 28, 2021, Plaintiff in Limitation initiated the instant action pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. *See generally id.* The matter initially was assigned to the Honorable Roger T. Benitez, *see* ECF No. 1, who, on April 19, 2021, approved Plaintiff in Limitation's Stipulation Regarding Security for Value and Costs of the Vessel and granted Plaintiff in Limitation's request for an injunction staying all proceedings and claims against Plaintiff in Limitation, *see generally* ECF No. 12. On April 26, 2021, the Clerk of the Court issued a Notice of Complaint for Exoneration from or Limitation of Liability. *See* ECF No. 13 ("Notice"). Plaintiff in Limitation filed proof of publication of the Notice. *See* ECF No. 27.

     The only party to assert claims against Plaintiff in Limitation in connection with the August 5, 2018 incident and the instant action is Spurr. *See* ECF No. 69-1 ("Mot. Mem.") at 3. No named Defendant filed any claims against Plaintiff in Limitation, *see id.*, and all have been dismissed from this action, *see id.*; *see also* ECF Nos. 28, 47, 62. On August 13, 2021, the Clerk of the Court entered default as to all possible claimants who had not

filed and served claims against Plaintiff in Limitation, *see* ECF No. 54, and on September 3, 2021, the Court granted Plaintiff in Limitations motion for default judgment as to the same, *see* ECF No. 59.

Subsequently, this action was reassigned to the undersigned. *See* ECF No. 65. Thereafter, Plaintiff in Limitation and Spurr reached a settlement, and Spurr's state-court action against Plaintiff in Limitation was dismissed on October 28, 2022. *See* Mot. Mem. at 4; *see also* ECF No. 68 ¶ 8. On October 31, 2022, Plaintiff in Limitation and Spurr filed a joint motion for dismissal with prejudice of Spurr's claims against Plaintiff in Limitation, *see* ECF No. 68, which this Court granted, *see* ECF No. 70.

In light of the foregoing, Court finds that the only claim made against Plaintiff in Limitation has been fully resolved and dismissed with prejudice; accordingly, there remain no legally cognizable claims contesting Plaintiff in Limitation's right to exoneration. Thus, the Court finds that Plaintiff in Limitation is entitled to judgment as a matter of law. *See, e.g.*, *In the Matter of Prowler, Inc.*, Case No. 3:18-cv-02594-WQH-WVG, 2020 WL 4697973 (S.D. Cal. Aug. 13, 2020) (granting motion for exoneration in similar circumstances).

Accordingly, and good cause appearing, the Court **GRANTS** the Motion for Exoneration (ECF No. 69). Plaintiff in Limitation is hereby exonerated from liability for any and all claims, losses, and/or injuries that occurred as a result of the incident that formed the basis of this action. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Plaintiff in Limitation and close the file.

**IT IS SO ORDERED.**

Dated: December 16, 2022

Hon. Janis L. Sammartino
United States District Judge